Case No. 25-564 Please proceed, Ms. Doe Thank you May it please the Court, this appeal presents an aero question of New York preemption. The CBA and ASA contain no exclusivity clause in language and do not withdraw municipal home pool authority to enact complementary revival statutes including the city's victims of gender motivated violence protection law. Under settled New York law, preemption requires a clear statement of legislative intent, whether expressed or through field occupation or by actual conflict, none of which exists here. The CBA and ASA revive state clauses of action and the VG and VPL revise municipal clauses of action. They operate in parallel and they do not conflict. Judge Clark applied for traditional New York preemption framework and her ruling can be affirmed, but alternately because this issue is so significant statewide and affects so many others and has many implications, the Court may certify the question to the New York Court of Appeals. I rely primarily on my briefs and the amicus submissions and I am grateful for the opportunity to speak today. Thank you. All right. Thank you for your accommodation. I appreciate it. The Court appreciates it. And please proceed. Thank you, Your Honor, and may it please the Court, Chris Michel for the appellant. Plaintiff's allegations in this case are false and the subject of a violation of the statute is not the plaintiff, but the defendant. The plaintiff's claims was limited. Covered claims can be revived, can be filed, quote, not later than August 2021, quote, notwithstanding any period of limitation to the contrary. That text makes this a straightforward case. Plaintiff does not dispute that her claim is covered by the CBA. She does not dispute that she brought the claim later than August 2021. She invokes the city's limitation contrary to the one established by the CBA. This is accordingly a textbook case of preemption. As Judge Kaplan explained persuasively in his Parker decision, the decision below should be reversed and the case should be dismissed. This Court has explained, and the New York Court of Appeals has explained, that the best evidence of legislative intent is the text of the statute. And here I think there are three aspects of the statute, the CBA, that are especially probative to the preemption inquiry. The first, as I indicated, is that it covers every claim, every civil claim against any party, brought by any party who alleges certain conduct. Critically, that conduct is not limited to State law claims. Everyone agrees in this case, and the New York Court of Appeals does not dispute that her claim in this case was revived by the CBA. You're arguing field preemption. We have an argument for both conflict and field preemption. I just hear you arguing field, I think. Candidly, I think the conflict preemption argument may be even more straightforward, and the main conflict is that, you know, as I discussed, the statute covers this claim, but then it provides a particular time period because the New York City law is contrary. That's a straightforward conflict of the kind the New York Court of Appeals identified in the Lansdowne case, for example, although I think field preemption gets you to the same place. Judge Parker, Judge Kaplan, run and vote. What would you say to the city in an amicus brief that says that the extension is not a statute of limitations because all it does is it extends the limitations and doesn't limit it? Well, I'd say that's only an account of half of what the city statute does. It does extend the limitation, but then period of limitations, but then it puts an end date on it. It extends it from 2023 to 2025. That's a pretty typical statute of limitations by any definition of a statute of limitations, and in fact, it's the same kind of revival window that is contained in the CBA and that this Court and the New York Court of Appeals in the Cataragus litigation, which is about this same statute, has described as a statute of limitations. I think it also just falls within the plain meaning of a statute of limitations by any definition, and so just applying the text of the statute, that's a period of limitations contrary to the period in the CBA. Sometimes a conflict of preemption case can be complicated. I think this one is actually pretty straightforward. When you have 2019 to 2021 as one window and 2023 to 2025 as another window, that's a conflict under any ordinary understanding of that concept. I think that although the text can get you all the way there, the context here is important as well. We're dealing with an unusual, what the New York Court of Appeals has called an extreme act of legislative authority, reviving claims that were already barred where there are serious reliance interests by not only the potential defendants but by the legal system and society itself. The New York Court of Appeals has said in cases like the Regina decision that the legislature acts with care and with clarity there. Here, I think that's exactly what the New York legislature did in the CBA. It carefully revived a certain set of claims, including city claims that were at that time not revived. That's an important step. It gave, with the one hand, revival of city claims that were local claims that were not otherwise covered. But then with the other hand, it did, as legislatures often do, make a compromise and say, here's the window in which you can assert them, notwithstanding any period of limitation to the contrary. I'm happy to address any further questions from the Court. But otherwise, I think that is my five minutes. Thank you very much. Thank you, Your Honor. Judge Kovanes, do you have any questions? No questions. Thank you. Thank you, Your Honor. We will reserve the session.